IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TAMMIE WOODS, | ) | |
| a.k.a. Tammie Sanders,[1] | ) | |
|     Plaintiff, | ) | |
| vs. | ) | No. 3:06-CV-0165-M |
| | ) | |
| Al CERCONE, et al.,[2] | ) | |
|     Defendants. | ) | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

I. BACKGROUND

On January 23, 2006, plaintiff filed the instant civil action, a motion to proceed *in forma pauperis*,[3] and a motion for appointment of counsel. No process has been issued in this case. On February 15, 2006, the Court issued a Notice of Deficiency and Order wherein it notified plaintiff that her pleading was not in compliance with Fed. R. Civ. P. 8(a). It specifically informed her that the Complaint provides no "short and plain statement of the grounds upon which the court's jurisdiction depends"; no "short and plain statement of the claim showing that the pleader is entitled to relief"; and no "demand for judgment for the relief the pleader seeks." It granted her twenty days

---

[1] Plaintiff identifies herself as Tammie Woods, but also indicates that she is the same person who filed Civil Actions 3:05-CV-0992-N, 3:05-CV-1057-D, 3:05-CV-1061-N, and 3:05-CV-1016-G. She filed those actions as Tammie Sanders.

[2] The Complaint lists "Everybody on the summons of the in the civil pages" as defendants. Because the submitted summons name Judge Al Cercone, Parkland Hospital, and Jimmie Baker as defendants, the Court considers them to be the named defendants in this action.

[3] Contemporaneously with these findings, the Court has granted plaintiff permission to proceed *in forma pauperis*.

to cure the deficiencies and warned her that the failure to do so would result in a recommendation that this action be dismissed for failure to prosecute or follow an order of the Court. On March 10, 2006, plaintiff filed an unidentified document that has been docketed as an amended complaint. That document, however, does not cure the noted deficiencies.

## II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss *sua sponte* an action for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Plaintiff has failed to comply with the Order of February 15, 2006, that she correct the Rule 8(a) deficiency. Accordingly, the Court should dismiss her complaint.

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that plaintiff's complaint be dismissed without prejudice[4] for the failure of plaintiff to follow an order of the Court.

**SIGNED this 24th day of March, 2006.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[4] "Without prejudice" means that the dismissal of this action does not of itself prevent plaintiff from commencing a new action against defendants on the same factual allegations. Of course, continued failures to comply with Fed. R. Civ. P. 8(a) may result in the dismissal of any future action.

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

  The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3